SHELTER ISLAND INC.,
Plaintiff—Appellant,

v.

ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY; United States Fi-
delity & Guaranty Company, Defen-
dants—Appellees.

No. 01–55143.
D.C. No. CV–00–01552–IEG(LAB).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided Feb. 15, 2002.

Before TROTT, THOMAS and
WARDLAW, Circuit Judges.

MEMORANDUM *

Shelter Island, Inc. ("Shelter Island")
appeals from the district court's order dis-

---

* This disposition is not appropriate for publica-       tion and may not be cited to or by the courts

missing its claims. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

█ The district court correctly held that United States Fidelity and Guaranty Company ("USF & G")[1] did not breach its contractual obligation to defend and indemnify Shelter Island against lawsuits alleging that Shelter Island maintained restaurant premises that are inaccessible to the disabled in violation of the Americans with Disabilities Act ("ADA") and related state laws.[2]

An insurer breaches its insurance contract if it withholds benefits due under the contract. *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 271 Cal.Rptr. 246, 255 n. 10 (1990). An insurer has a duty to defend against lawsuits brought against its insured which potentially seek covered damages; an insurer has a duty to indemnify its insured when the insured has been found liable for damages actually covered by the policy. *Collin v. Am. Empire Ins. Co.*, 21 Cal.App.4th 787, 26 Cal.Rptr.2d 391, 399 (1994). The insured has the burden of establishing that the underlying suit raises claims that are potentially covered by the insurance policy. *Id.; Royal Globe Ins. Co. v. Whitaker*, 181 Cal.App.3d 532, 226 Cal.Rptr. 435, 437 (1986). Thus, in order for Shelter Island to establish that USF & G is liable for breach of contract, Shelter Island must establish that the underlying actions raised claims that were covered or potentially covered by the policy.

The claims against Shelter Island were only covered or potentially covered by the policy if they involved an injury caused by an "occurrence" within the meaning of the policy, which defines an "occurrence" as an "accident." The interpretation of a term in an insurance policy is a question of law. *Waller v. Truck Ins. Exch.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 627 (1995). Under California law, an "accident" is "an unexpected, unforeseen, or undesigned happening or consequence from either a known or unknown cause." *Hogan v. Midland Nat'l Ins. Co.*, 3 Cal.3d 553, 91 Cal.Rptr. 153, 476 P.2d 825, 828 (1970). An insured's act is not an "accident" if the act was intentional. *Dyer v. Northbrook Prop. & Cas. Ins. Co.*, 210 Cal.App.3d 1540, 259 Cal.Rptr. 298, 303 (1989); *Royal Globe*, 226 Cal.Rptr. at 437–38. In determining if the insured's act was intentional, the focus is "not on the intent of the insured to cause harm, but upon the nature of the harmful act itself—whether it was an 'accident.'" *Collin*, 26 Cal.Rptr.2d at 404 (internal quotation marks and citation omitted). "[T]he term 'accident' refers to the insured's intent to commit the act giving rise to liability, as opposed to his or her intent to cause the consequences of that act." *Id.* at 403–04. "[W]here the insured intended all of the acts that resulted in the victim's injury,

---

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Shelter Island also named USF & G's parent corporation, St. Paul Fire and Marine Insurance Company ("St.Paul"), as a defendant in this action. The district court dismissed the claims against St. Paul on the basis that mere unity of interest between a parent and a subsidiary was insufficient to hold the parent liable for the subsidiary's contractual agreements. Shelter Island did not

appeal this determination as to any claim, except the claim as to injunctive relief.

2. At oral argument, plaintiff's counsel referenced the question of coverage for a negligence cause of action alleged in one of the underlying suits. However, that issue was not presented to the district court, nor raised on appeal. Therefore, that question is not before us.

the event may not be deemed an 'accident' merely because the insured did not intend to cause the injury." *Merced Mut. Ins. Co. v. Mendez*, 213 Cal.App.3d 41, 261 Cal.Rptr. 273, 279 (1989); *see also Quan v. Truck Ins. Exch.*, 67 Cal.App.4th 583, 79 Cal.Rptr.2d 134, 144–45 (1998).

Shelter Island's maintenance of restaurant premises which are not accessible to the disabled in violation of the ADA does not constitute an "accident" as that term has been defined by California law. Although Shelter Island may not have intended to harm the plaintiffs, Shelter Island chose to maintain restaurant premises that are inaccessible to the disabled. *See Loyola Marymount Univ. v. Hartford Accident & Indem. Co.*, 219 Cal.App.3d 1217, 271 Cal.Rptr. 528, 532 (1990) (holding that there was no "occurrence" within the meaning of the applicable insurance policy when the university fired a priest for marrying, because even though the university may not have intended to discriminate against the priest, the university intentionally adopted and applied the policy). As the district court noted, "a restaurant's chosen layout is not an accident." Because Shelter Island's maintenance of inaccessible restaurant premises is not an "accident" under California law, USF & G had no duty to defend or indemnify Shelter Island, and the district court properly dismissed Shelter Island's breach of contract claim.

## II

■ "It is clear that if there is no *potential* for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." *Waller*, 900 at 639; *see also Love*, 271 Cal.Rptr. at 254–56. When benefits are due an insured, the insurer's behavior violates the covenant if it withholds benefits unreasonably and in bad faith. *Love*, 271 Cal.Rptr. at 255. "Absent that contractual right, however, the implied covenant has nothing upon which to act as a supplement, and 'should not be endowed with an existence independent of its contractual underpinnings.'" *Waller*, 906 P.2d at 639 (quoting *Love*, 271 Cal. Rptr. at 256). Thus, because no benefits were due to Shelter Island under the policies, USF & G did not breach the covenant of good faith and fair dealing by refusing to defend or indemnify Shelter Island.

## III

■ Under California law, allegations that an insurer had a practice of breaching the covenant of good faith and fair dealing by unreasonably refusing to defend and indemnify its insureds are sufficient to state a cause of action under Cal. Bus. & Prof.Code § 17200. *State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal.App.4th 1093, 53 Cal.Rptr.2d 229, 235 (1996). However, because USF & G did not breach its contractual obligations to Shelter Island when it denied coverage, and thus did not breach the covenant of good faith and fair dealing, Shelter Island cannot state a claim for violation of § 17200.

## IV

Because Shelter Island's underlying claims fail, it is not entitled to injunctive relief against USF & G or St. Paul.

AFFIRMED.